Frank Hettinger, Appellee, v. Patrick Drew, Appellant.

Gen. No. 5410.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

2. INSTRUCTIONS—*must be predicated upon the evidence.* An instruction is properly refused which is not predicated upon any evidence in the cause.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

BROOKS & BROOKS, for appellant.

JOHN E. ERWIN, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Frank Hettinger brought this suit against Patrick Drew, before a justice of the peace of Lee county, to recover damages for an alleged breach of a verbal contract for the sale of 2,000 bushels of corn. From a judgment of $66.20 rendered by the justice an appeal was taken to the Circuit Court of said county, and a trial there resulted in a verdict for Hettinger of $60 and Drew prosecutes this appeal from the judgment entered on that verdict.

Appellant here urges that the verdict is manifestly against the weight of the evidence, and that the court erred in refusing an instruction requested by him.

The evidence is undisputed that on September 23, 1909, appellant entered into an oral contract with appellee to sell him 2,000 bushels of No. 3 grade corn at fifty cents per bushel to be delivered on or before December 25, following. Appellant now claims that the contract also contained a provision that if the corn

did not grade as No. 3 appellee should pay forty-nine cents per bushel for it. Appellee denied that the contract contained such a provision. On December 16, 1909, appellant hauled ten loads of corn said to contain sixty bushels each, to appellee's elevator. Appellee examined the corn and decided it would not grade No. 3 and refused to receive it and pay fifty cents per bushel for it. Appellant did not ask appellee to take the corn at forty-nine cents per bushel, but asked him what he would pay for it, and appellee replied that he would not take it at any price, but that he would ship it to Chicago and allow appellant whatever it would sell for less the expenses and his commissions. Appellant declined this offer and said to appellee that he could sell the corn as No. 3. Appellee replied that if Lang or Ostrander, other grain buyers, took it for No. 3 he would not ask for commissions, and appellant said that if he did not sell it for grade 3 he would pay appellee three cents per bushel as commissions, which would be the amount of the judgment obtained. Appellant then drove with his corn to Ostrander's elevator and he refused to take it and appellant took it home. Appellant claims that he afterwards sold the corn as grade No. 3. The evidence shows that appellant sold 300 bushels of corn to a neighboring farmer who needed it to feed for fifty-three cents per bushel. which was the price No. 3 corn was selling at, but the farmer testified that he was unfamiliar with grades. and did not know whether the corn he purchased would grade No. 3 or not, but that he had to have it to feed and appellant offered it to him for fifty-three cents per bushel and he bought it. Appellant sold the rest of the corn to his brother, who testified on the trial before the justice that it graded No. 4 and on the trial in the Circuit Court that it graded No. 3. He, however, was not in the business of buying and grading corn and assumed without knowing that a certain part of the corn was that which had been intended to be delivered to appellee. He mixed with the 1,700 bushels

of corn which he assumed was that which would have been delivered to appellee 400 bushels of other corn which he bought of appellant and sold the whole amount not as grade 3 but as no grade corn. Ostrander testified that the corn that appellant drew to his elevator after appellee had refused to accept the corn tendered by appellant would not grade No. 3 and he was doubtful if it would grade No. 4.

In contradiction of appellant's contention that it was a part of the contract that if the corn did not grade No. 3 appellee should take it at forty-nine cents per bushel is not only appellee's expressed denial, but the further fact that at the trial of the case before the justice appellant did not testify to any such contract, and that he does not now claim that when he hauled the corn to appellee and appellee declared that it would not grade No. 3, and declined to receive it, that he then told appellee that under the contract he would have to take it at forty-nine cents per bushel. He did not testify that at that time he said anything about forty-nine cents, but only that he asked appellee what he would give for it.

It was for the jury to reconcile the conflict in the evidence and decide whether the corn tendered appellee was No. 3 corn; and whether appellee agreed to pay forty-nine cents for it, if it was not No. 3. The jury and the trial judge who saw the witnesses and heard them examined and cross-examined, having decided these questions in favor of appellee, we see nothing in the record to warrant us in holding that the verdict is against the weight of the evidence.

Appellant's refused instruction told the jury that if they believed from a preponderance of the evidence that appellee and appellant entered into an agreement that appellant would deliver 2,000 bushels of corn to appellee at fifty cents per bushel if it graded 3 and forty-nine cents if it graded 4, and if they further believed from the evidence that appellant tendered a

whole or part of. the corn to appellee and offered to take a 4 grade and forty-nine cents per bushel and appellee refused to receive the corn, then the jury should find the issues for appellant. This instruction was based upon the supposition that there was evidence that appellant tendered the corn to appellee and offered to take a No. 4 grade at forty-nine cents per bushel and that appellee refused that offer. There was no evidence upon which to base such an instruction and therefore no error in its refusal.

The judgment is affirmed.

*Affirmed.*